IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI ZAMECNIK and )
ALEXANDER NUXOLL, )
a minor, by and through his )
parents, MICHAEL and PENNY )
NUXOLL, )
)
            Plaintiffs, )
)
      v. )   No. 07 C 1586
)
INDIAN PRAIRIE SCHOOL DISTRICT )
#204 BOARD OF EDUCATION, )
HOWARD CROUSE, in his official )
capacity as Superintendent )
of Indian Prairie School )
District #204, MICHAEL POPP, )
in his official capacity as )
Principal of Neuqua Valley High )
School, and BRYAN WELLS, )
individually and in his official )
capacity as Dean of Students )
Neuqua Valley High School, )
)
          Defendants. )

## OPINION AND ORDER

Alexander Nuxoll and Heidi Zamecnik[1] are, respectively, a
current and former student at Neuqua Valley High School ("NVHS"),

---

[1]Since Alexander Nuxoll is a minor, the case is brought
on his behalf by his parents. For simplicity in presentation,
today's ruling will refer to Alexander Nuxoll as a plaintiff and,
unless otherwise indicated, "Nuxoll" will be used to refer to
Alexander Nuxoll. Unless otherwise indicated, "Zamecnik" will be
used to refer to plaintiff Heidi Zamecnik. When this case began,
Zamecnik was also a minor whose claim was brought by her parents.
She has since reached the age of majority and has been
substituted for her parents as the plaintiff.

which is part of Indian Prairie School District No. 204. The high school is located in Naperville, Illinois, one of Chicago's most populous suburbs, and has approximately 4200 students, including a variety of races, religions, ethnic backgrounds, and sexual orientations. Zamecnik graduated in June 2007 and Nuxoll is currently a sophomore. The Board of Education of District 204, the District's Superintendent, NVHS's Principal, and NVHS's Dean of Students are named as defendants. The Superintendent and Principal are each named in his official capacity only and the Dean is named in both his official and individual capacities.

On a single date in mid-April of each year since 2003, the Gay/Straight Alliance ("GSA") student group at NVHS has had activities at the school for a "Day of Silence." In 2007, the Day of Silence was April 18 and it is expected that the same type of activities will occur in April 2008. This is a day intended to protest anti-gay discrimination and express support for tolerance of gays. It is part of a national event sponsored by the Gay, Lesbian and Straight Education Network. Zamecnik was at school for Days of Silence in each of her four years of high school and Nuxoll was at the school for the 2007 Day of Silence during his freshman year. On the Day of Silence, some students wear labels identifying them as Day of Silence Participants. They generally remain silent during the day, but may be required to speak in classes or when a spoken response is deemed necessary

- 2 -

by a school staff member. Many students and some staff members wear shirts during the day expressing their support for GSA. In 2006, this shirt included the phrase "Be Who You Are."

Plaintiffs profess sincere Christian religious beliefs which condemn homosexual behavior as immoral. They also believe that homosexual behavior is damaging to persons as well as to society in general. In past years, the Alliance Defense Fund ("ADF") has promoted an event called the "Day of Truth" for the day after the Day of Silence. ADF promotes wearing a shirt that has the ADF logo and "day of truth" on the front and "The Truth cannot be silenced" and the Day of Truth organization's website address on the back.

The case is now before the court on the motions of Nuxoll to amend the complaint and for preliminary injunction. Also, defendant Bryan Wells has moved for summary judgment based on a claim of qualified immunity.

## I. HISTORY OF THE PROCEEDINGS

In 2006, Zamecnik remained silent on the day after the Day of Truth. She also wore a t-shirt that had "Be Happy, Not Gay" on the back. School officials, however, required that she cross off "Not Gay." Zamecnik seeks nominal damages regarding the 2006 events.

This lawsuit was filed on March 21, 2007 and a motion for a preliminary injunction seeking relief related to the 2007 Day of Truth was presented just fifteen days prior to the Day of Truth. In response to the motion, defendants represented that they would permit plaintiffs to be silent on the Day of Truth in the same manner that students were silent on the Day of Silence. Defendants also represented that they would permit plaintiffs to display or wear buttons, stickers, and t-shirts promoted by ADF for the Day of Truth as well as items including messages such as "Be Happy, Be Straight" or "Straight Alliance." Defendants, however, would not voluntarily permit negative statements that are derogatory of homosexuals. In order to obtain a preliminary injunction ruling prior to the 2007 Day of Truth, the parties agreed to present the preliminary injunction motion on written submissions. See Zamecnik ex rel. Zamecnik v. Indian Prairie School District No. 204 Board of Education, 2007 WL 1141597 *2 (N.D. Ill. April 17, 2007) ("Zamecnik I"). The narrow issue for ruling was whether, regarding the 2007 Day of Truth, "plaintiffs [were] entitled to a preliminary injunction prohibiting defendants from forbidding that they display, while in school, the message 'Not Gay' as part of the phrase 'Be Happy, Not Gay.'" Id.

On the day before the Day of Silence, plaintiffs' preliminary injunction motion was denied. See id. Based on

Seventh Circuit case law, it was held that defendants could take into consideration the school's pedagogical mission to promote tolerance of differences among students when deciding to prohibit speech derogatory of homosexual conduct. See id. at *6-10. It was held permissible to impose content-based restrictions on expression that was fundamentally inconsistent with the school's basic educational mission, id. at *10, even though such restrictions could not be constitutionally imposed by a governmental entity outside the context of a public high school, id. at *11. It was further held that there was no equal protection violation based on viewpoint discrimination. Id. at *12. Minimally supported contentions regarding a "hybrid" free exercise of religion/free speech claim were held to be insufficiently meritorious to support a preliminary injunction. Id. Because the narrow speech restrictions that were to be imposed were reasonable, it was unnecessary to otherwise address whether a written board policy was a vague and overbroad restriction on speech. Id. It was concluded that plaintiffs had a low likelihood of success on the merits and the balancing of potential harms went against granting a preliminary injunction. Id. at *11.

Plaintiffs thereafter appealed the denial of the preliminary injunction. The Seventh Circuit dismissed the appeal as moot, finding that the motion presented in the district court

was limited to activity planned for the 2007 Day of Truth which had already occurred prior to an appeal being filed. See Zamecnik ex rel. Zamecnik v. Indian Prairie School District #204, Board of Education, No. 07 C 1586 (7th Cir. Aug. 7, 2007) (unpublished order) ("Zamecnik II").

Shortly after the appeal was dismissed, Nuxoll filed the pending motion for a preliminary injunction. Having already graduated, Zamecnik is not a party to the new preliminary injunction motion. Nuxoll's present motion is not limited to activity during the 2008 and future Days of Truth. He seeks an injunction that would allow him to present his views opposing homosexuality throughout the school year. At the time the motion was presented, defendants objected that the pending complaint was limited to activity on the Day of Truth. Rather than contest that objection, plaintiffs have moved to amend their complaint to make clear that Nuxoll's claim for injunctive relief is not limited to activities on the Day of Truth.

## II. MOTION TO AMEND THE COMPLAINT

Defendants oppose granting leave to amend. They contend that allowing plaintiffs to amend would mean that plaintiffs misled the court into promptly ruling on the first preliminary injunction motion based on the urgency of the upcoming Day of Truth. That is not a basis for denying leave to amend. Even if

- 6 -

Nuxoll desires to express his views throughout the year, the Day of Truth would still be a day on which he has a special reason for wanting to speak. There would still have been an urgency to rule by then. Defendants' other objection is that the amendment would be futile. Defendants contend Nuxoll has not been prevented from speaking in the manner that he contends has been suppressed so there can be no basis for an injunction. The court declines resolving such factual issues on a motion for leave to amend. Leave to file the amended complaint will be granted.

## III. NUXOLL'S MOTION FOR A PRELIMINARY INJUNCTION

Nuxoll does not request a hearing in support of his preliminary injunction motion. He relies on the written submissions that were presented in support of his original motion. The only additional submission is a second affidavit of Nuxoll dated August 23, 2007. In response, defendants do not submit any additional affidavits or other evidentiary support. Ordinarily, when material factual issues are in dispute, a motion for preliminary injunction should not be resolved, particularly in favor of granting relief, without first providing an opportunity for the presentation of live testimony. See United States v. Board of Education of City of Chicago, 11 F.3d 668, 672 (7th Cir. 1993); Zamecnik I, 2007 WL 1141597 at *2; Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal

Practice & Procedure Civil 2d § 2949 at 222-30 (1995). However, the parties can agree to have any factual disputes regarding a preliminary injunction motion resolved on written submissions. See id. at 230. Also, if the written submissions indicate there is no material factual dispute, the motion can be resolved on the written submissions. Id. at 221-22. In making factual determinations for preliminary relief, the court is not limited to evidence that would be admissible at trial nor are the affidavits required to comport with the stricter rules applicable to summary judgment affidavits. See id. at 215-20. Here, it is plaintiff that desires a ruling and he does not request a hearing. However, any factual issues that have not been answered, conceded, or that require a hearing will not be considered in support of the motion. Cf. Zamecnik I, 2007 WL 1141597 at *2; Fenje v. Feld, 2002 WL 1160158 *2 (N.D. Ill. May 29, 2002).

In his motion, Nuxoll represents that he desires to speak as follows:

> Alex . . . seeks to convey religious beliefs that are critical of homosexual conduct at school. Via T-shirts and buttons, Alex wants to share the message "Be Happy, Not Gay." He also wants to bring and discuss his bible at school, and distribute cards with bible verses during non-instructional time, dealing with the same subject matter. As way of counter to "Day of Silence," a pro-homosexual event that is next scheduled for April 25, 2008, Alex wants to share his views on the day immediately following this event. He

likewise wants to share these same views on days
following "Day of Silence" during his junior and
senior years at NVHS. And Alex further wishes to
express his religious beliefs about homosexual
conduct at various other times throughout the
entirety of his tenure at the school. If not for
policies precluding his message, Alex would
convey his message about homosexual behavior at
his earliest opportunity.

Preliminary Injunction Motion [43] at 2. Nuxoll's second

affidavit does not contain any additional details as to his

intended speech.

The only specific speech that has previously been

prohibited by defendants is the expression "not gay" as part of

"Be Happy, Not Gay." Nuxoll contends that this prohibition

viewed in conjunction with school rules prohibiting derogatory

comments about sexual orientation place him in adequate

apprehension that his other conduct would be prohibited as well,

thus supporting an actual case and controversy as to all the

intended speech. Defendants contend there is no case or

controversy as to any speech other than "Be Happy, Not Gay"

because plaintiff has never attempted, nor sought permission for,

any of the other speech and defendants have never told him he

cannot engage in such speech.

The burden is on plaintiff to establish that he is

entitled to a preliminary injunction. Christian Legal Society v.
Walker, 453 F.3d 853, 859 (7th Cir. 2006); Zamecnik I, 2007 WL

- 9 -

1141597 at *6. This includes establishing the speech at issue with sufficient specificity. See EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 781 (7th Cir. 2007) (quoting Kyle v. Morton High School, 144 F.3d 448, 454 (7th Cir. 1998)); Walker v. North Wales Borough, 395 F. Supp. 2d 219, 228 (E.D. Pa. 2005). The statements in Nuxoll's affidavit as to additional speech that he would engage in is too lacking in specifity to determine whether it would be protected speech, or even whether it would constitute derogatory statements about homosexuality that defendants would prohibit. The only message that is specified is "Be Happy, Not Gay." Therefore, the only issue sufficiently presented on this preliminary injunction motion is whether it violates Nuxoll's First Amendment rights to prohibit him from making that statement at school, either orally or written on a t-shirt, button, leaflet, or other medium. That is essentially the same question that was presented in the first motion for a preliminary injunction, though not limited to the narrow time frame of the first motion.

## A. Findings of Fact

Findings of Fact 1 through 33 contained in Zamecnik I, 2007 WL 1141597 at *3-6, are adopted herein. Finding of Fact 34 is modified as set forth below and the following additional findings are made.

- 10 -

34.  Defendants point to the Ninth Circuit taking
judicial notice, largely based on law review articles, of the
fact that derogatory and negative statements about homosexuality
tend to harm homosexual youth by lowering their self esteem and
creating related problems.  See Harper v. Poway Unified School
District, 445 F.3d 1166, 1178-80 (9th Cir. 2006), vacated as
moot, 127 S. Ct. 1484 (2007).  See also Parker v. Hurley, 474 F.
Supp. 2d 261, 275 (D. Mass. 2007) (quoting Harper).  In the first
motion for a preliminary injunction, plaintiffs did not dispute
this conclusion.  Presently, Nuxoll cites to articles that he
contends support a contrary view.  Nuxoll contends it is
inappropriate to make any finding on this issue based on judicial
notice.  Nuxoll, however, does not request that a hearing be held
to resolve any factual disputes regarding this issue.  It is
Nuxoll who seeks a ruling without a hearing.  Therefore, this
dispute will be resolved against plaintiff.  For purposes of
ruling on the present preliminary injunction motion, it is taken
as true that derogatory and negative statements about
homosexuality tend to harm homosexual high school students by
lowering their self esteem and creating related problems.[2]

_____

     [2]Regardless of the truth or falsity of this fact,
District 204 has adopted tolerance of differences based on sexual
orientation and other protected categories as part of its basic
educational mission.  See Findings of Fact 9-12.  While the
potential effect of harassment on gay students is mentioned in
discussing the likelihood of success, it is not essential to that

- 11 -

35. GSA conducted a Day of Silence at NVHS on April 18, 2007. The next one is scheduled for April 28, 2008 and it is expected that GSA will conduct Day of Silence activities in April 2009 and April 2010.

36. If not prohibited by NVHS officials, Nuxoll would use the expression "Be Happy, Not Gay" to express his views about homosexuality. He would do this at NVHS on various days throughout the schoolyear during his remaining years at NVHS, including on the day after each Day of Silence. The medium for this expression would be oral statements, t-shirts, buttons, and written literature that he would distribute to other students.

37. Defendants will continue to prohibit the desired expression described in Finding of Fact 36 supra.

### B. Conclusions of Law

Other than the time period, essentially the same issue is before the court as was presented in the first motion for a preliminary injunction. The conclusions of law stated in Zamecnik I, 2007 WL 1141597 at *6-12, will be adopted. With the few exceptions that will be discussed below, the discussion in Zamecnik I adequately addresses the legal arguments plaintiff

_____

discussion since Seventh Circuit case law otherwise permits schools to restrict speech based on conflicts with the school's educational mission. As is discussed below, the potential negative impact on gay students is more pertinent to the question of the balance of harms.

raises in support of his present motion, which are largely a
repeat of the arguments presented in support of the first motion
for a preliminary injunction. Plaintiff again argues for a view
that divides justifications for the regulation of speech into
discrete categories that cannot overlap. As discussed in
Zamecnik I, 2007 WL 1141597 at *9-10, that is not the view
adopted by the Seventh Circuit which takes a school's pedagogical
interests and its basic educational mission into consideration
regarding all types of regulation of student speech, not just
speech that is school-sponsored. Brandt v. Board of Educ. of
City of Chicago, 480 F.3d 460, 467 (7th Cir.) ("Brandt II"),
cert. denied, 128 S. Ct. 441 (2007).

     Presently, plaintiff argues that the Seventh Circuit
cases that were followed in Zamecnik I are no longer good law in
light of the Supreme Court's subsequent ruling in Morse v.
Frederick, 127 S. Ct. 2618 (2007). That case, however, stands
for the proposition that opposing the use of illegal drugs is a
sufficient justification for regulating student speech. It did
not change the scope of Tinker v. Des Moines Independent
Community School District, 393 U.S. 503 (1969), and its progeny.
Bar-Navon v. School Board of Brevard County, Fla., 2007 WL
3284322 *6 (M.D. Fla. Nov. 5, 2007). After Morse, at least one
court has continued to apply pedagogical concerns to situations
other than school-sponsored speech. See Nguon v. Wolf, ___

- 13 -

F. Supp. 2d ___, 2007 WL 2827749 *10-11 (C.D. Cal. Sept. 25, 2007). Another court, relying on Bethel School District No. 403 v. Fraser, 478 U.S. 675, 683 (1986), and also citing Morse, 127 S. Ct. at 2626, held there is "no question that teaching students the values of civility and respect for the dignity of others is a legitimate school objective" and that this objective can be a basis for restricting student speech even when the speech is not vulgar or offensive in the Fraser sense, at least (as in the present case) when the student is not otherwise being punished. Doninger v. Niehoff, 514 F. Supp. 2d 199, 215-16 (D. Conn. 2007).[3]

     Contrary to plaintiff's contention, the three opinions that form the five-justice majority[4] in Morse should not be read as overruling the Seventh Circuit precedent followed in Zamecnik I. Two of the opinions make clear that the only issue decided is that student speech promoting illegal drug use may be restricted and leave open whether any other speech may be restricted beyond what had previously been held in prior Supreme

_____

[3]Alternatively, the court reached the same conclusion of denying preliminary relief by applying analysis based on the view that student speech issues must be analyzed in discrete categories. See Doninger, 514 F. Supp. 2d at 216-18.

[4]A sixth Justice, Justice Breyer, concurred in part, but his view of the case, based on qualified immunity, did not require that he reach the merits of any First Amendment issue. See Morse, 127 S. Ct. at 2638 (Breyer, J., concurring in the judgment in part and dissenting in part).

- 14 -

Court precedents. The principal opinion authored by Chief Justice Roberts (and fully joined by Justice Scalia) discusses prior Supreme Court precedents to show that they are not inconsistent with restricting speech concerning illegal drug use, not in order to narrow those precedents. See Morse, 127 S. Ct. at 2626-27. When the Court states that Hazelwood School District v. Kuhlmeier, 484 U.S. 260 (1988), does not control Morse, the court simply means that it does not mandate how Morse must be decided, not that Kuhlmeier provides guidance only in cases involving school-sponsored speech. Morse, 127 S. Ct. at 2627. To the contrary, the Court states that Kuhlmeier is still "instructive." Id. Justice Alito's concurrence (joined in by Justice Kennedy) expressly states that Morse leaves open the question of whether there are any other grounds for restricting speech beyond those recognized in Tinker, Fraser, Kuhlmeier, and now Morse. Morse, 127 S. Ct. at 2637 (Alito, J., concurring). Justice Thomas's concurrence provides absolutely no support for plaintiff's position since Justice Thomas would overrule the prior precedents and hold that First Amendment protections do not apply to any student speech at a public school. Id. at 2630 (Thomas, J., concurring).

This court is bound to follow the decisions of the Seventh Circuit unless powerfully convinced that the Seventh Circuit would rule otherwise at the first opportunity. See

Colby v. J.C. Penney Co., 811 F.2d 1119, 1123 (7th Cir. 1987);
Dabertin v. HCR Manor Care, Inc., 177 F. Supp. 2d 829, 841 n.2
(N.D. Ill. 2001) (quoting Brenner v. Brown, 814 F. Supp. 717, 718
(N.D. Ill. 1993)). Morse is not powerfully convincing precedent
that the Seventh Circuit would not continue to allow public
schools to take into consideration pedagogical concerns and the
school's basic educational mission when restricting student
speech.

        Another issue to be addressed is the balancing of harms
that was applied in Zamecnik I, 2007 WL 1141597 at *11.
Plaintiff's low likelihood of success and limited harm (in light
of alternative forms of expression and lack of punishment) was
outweighed in the balance by the high likelihood of no success
and potential harm caused by improvidently allowing the
derogatory statements to be made. Previously, plaintiffs did not
contest the extent of harm caused by derogatory statements about
gays. As discussed above, Nuxoll now contests that fact, but it
is still found to be true for purposes of ruling on the present
motion for preliminary injunction. Thus, the balancing of harms
analysis remains the same. But even if it were not found that
derogatory and negative statements about homosexuality tend to
harm gay high school students, there would be other potential
harm from improvidently granting an injunction. It is part of
NVHS's basic educational mission to promote tolerance. NVHS's

promotion of that mission would be harmed if plaintiff's requested injunction were improvidently granted. Thus, the balance of harms still favor denying the motion for a preliminary injunction.

The discussion of overbreadth and a hybrid free speech/free exercise claim that are contained in Zamecnik I, 2007 WL 1141597 at *2, are adopted as previously stated. Additionally, relief on such claims would be denied because Nuxoll has not presented a sufficiently developed argument as to either issue. See Pl. Memo in Support [44] at 12-13 (overbreadth), 14 (free exercise).

Plaintiff Nuxoll's motion for a preliminary injunction will be denied.

## IV. WELLS'S MOTION FOR SUMMARY JUDGMENT

Also pending is defendant Wells's motion for summary judgment based on qualified immunity. The only damages claim brought against Wells is Zamecnik's claim regarding the modification of her "Be Happy, Not Gay" t-shirt that she wore to school on the 2006 Day of Truth. On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Scaife v. Cook County,

446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Creditor's Committee of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Jumer, 472 F.3d at 946; Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006), cert. denied, 127 S. Ct. 2947 (2007). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324.

Generally, the material facts are not in dispute. As of April 2006, Zamecnik was a senior at NVHS and still a minor. On April 19, 2006, Day of Silence activities took place at NVHS. Some students wore t-shirts and/or buttons that included messages supportive of persons engaging in homosexual activity. The next day, Zamecnik wore a t-shirt to NVHS that read "MY DAY OF SILENCE, STRAIGHT ALLIANCE" on the front and "BE HAPPY, NOT GAY" on the back. During Zamecnik's lunchhour, one of NVHS's deans escorted Zamecnik to the office of Dean of Students Wells. Wells told Zamecnik that her t-shirt offended some students and faculty and that she would have to remove it or leave school. Zamecnik objected that she had no other clothing and also that it was

unfair to make her remove her t-shirt, but to have allowed the attire that students wore on the Day of Silence.

Wells telephoned Zamecnik's mother ("Mrs. Zamecnik"). After discussing the matter with Mrs. Zamecnik, Wells instructed a female counselor to mark out the words "Not Gay" and Zamecnik was thereafter permitted to complete the day at school. It is undisputed that, during the conversation with Mrs. Zamecnik, Wells suggested changing the back of the t-shirt to "Be Happy, Be Straight." Mrs. Zamecnik granted permission to do that[5] and she spoke to Zamecnik to inform her that was what would be done. When Mrs. Zamecnik came to pick up Zamecnik at the end of the school day, Zamecnik discovered that "Be Straight" had not been added to the back of her t-shirt.

Plaintiff's claim against Wells has two aspects. The first is being prevented from continuing to display "Be Happy, Not Gay" on the back of her t-shirt. The second is being

---

[5]In his affidavit, Wells states that Mrs. Zamecnik never made clear that she agreed to such a modification. He states that she gave him permission to make the t-shirt "acceptable in the school setting." Wells Aff. ¶ 20. On Wells's motion for summary judgment, Mrs. Zamecnik's contrary statements, which favor plaintiff, must be accepted as true. Moreover, the issue is not whether an agreement was reached, but whether plaintiff attempted to make the statement "Be Happy, Be Straight" and Wells prevented her from making that statement. Plaintiff has presented sufficient materials to create a factual issue for trial as to whether or not she tried to communicate "Be Happy, Be Straight" when prevented from continuing to communicate "Be Happy, Not Gay."

- 19 -

prevented from displaying "Be Happy, Be Straight" as an alternative message.

It is undisputed that NVHS has a policy of promoting tolerance and prohibiting derogatory comments based on protected categories.

In resolving questions of qualified immunity, it first must be decided whether the facts, viewed in the light favorable to plaintiff, show a violation of a constitutional right. <u>Scott</u>, 127 S. Ct. at 1774 (quoting <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)). If it is determined that a constitutional right has been violated, the next step is to consider whether the right was clearly established in light of the specific context of the case. <u>Id.</u> Qualified immunity applies to damages claims against government officials in their individual capacities, including claims for nominal damages. <u>Cantrell v. Rumman</u>, 2005 WL 1126551 *16 (N.D. Ill. Feb. 9, 2005); <u>Hollimon v. DeTella</u>, 1999 WL 592156 *4 (N.D. Ill. Aug. 2, 1999).

As has been previously discussed regarding the preliminary injunction motion, school officials may prohibit a public high school student from displaying negative statements about a category of persons, including homosexuals, that are inconsistent with the school's educational goal of promoting tolerance. Wells did not violate Zamecnik's free speech rights when he prohibited her from displaying the slogan "Be Happy, Not

Gay" while in school. Therefore, Wells is entitled to dismissal
of the damages claim against him to the extent it is based on
preventing plaintiff from having that slogan on the back of her
t-shirt. Even if it is incorrect to conclude that Wells could
delete "Not Gay" without violating Zamecnik's speech rights,
Wells would be entitled to qualified immunity because case law
supporting the right of a high school student to display "Be
Happy, Not Gay" in a high school that promoted tolerance of
differences based on sexual orientation was not clearly
established as of April 20, 2006.

The other issue is whether Zamecnik's constitutional
rights were violated if Wells would not permit her to display "Be
Happy, Be Straight." That is a positive statement about being
straight, not directly a negative statement about being gay.
There is no contention by Wells that he could properly restrict
such speech.[6] He does not contend that such a display was
inconsistent with school rules. Without attempting to suggest a
constitutionally permissible basis for suppressing such speech,

_____

[6]Wells also raises arguments based on facts that are not
appropriately considered on summary judgment. He contends that
neither Zamecnik nor her mother clearly expressed a desire to
replace "Not Gay" with "Be Straight" if prevented from displaying
"Not Gay" so he cannot be liable for preventing Zamecnik from
expressing speech that she did not desire to communicate. There
is a genuine factual dispute regarding whether Zamecnik wanted to
and was prevented from displaying the alternative language. As
discussed above, on Wells's summary judgment motion, this factual
dispute must be resolved in plaintiff's favor.

Wells contends he is entitled to qualified immunity because no case establishes that a student must be allowed to wear a t-shirt with that specific message.

Again, the first question is whether Zamecnik had a constitutional right to display "Be Happy, Be Straight" on her t-shirt while at NVHS. Plaintiff has the burden of showing that the First Amendment applies. If she meets that burden, Wells has the burden of justifying his impingement on her speech. Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293 n.5 (1984); Brandt v. Board of Education of City of Chicago, 420 F. Supp. 2d 921, 931 (N.D. Ill. 2006), aff'd, Brandt II; Northern Ind. Gun & Outdoor Shows, Inc. v. Hedman, 104 F. Supp. 2d 1009, 1013 (N.D. Ind. 2000). Ordinarily, clothing is not a form of speech entitled to First Amendment protections. Brandt II, 480 F.3d at 465-66. However, words on clothing that carry a particularized message are a form of protected speech. See id. See generally Texas v. Johnson, 491 U.S. 397, 404 (1989) (quoting Spence v. Washington, 418 U.S. 405, 410-11 (1974)) ("In deciding whether particular conduct possesses sufficient communicative elements to bring the First Amendment into play, we have asked whether '[a]n intent to convey a particularized message was present and [whether] the likelihood was great that the message would be understood by those who viewed it.'"). Also, whether clothing conveys a message should be considered in the context of

- 22 -

the circumstances in which it is worn. Brandt II, 480 F.3d at
466.[7] Here, the statement "Be Happy, Be Straight" would have
been worn on clothing on the day following the Day of Silence.
That is clearly meant to convey a particularized message that
would be understood by viewers and thus constitutes speech.
Also, high school students have First Amendment rights to engage
in speech while at school. Zamecnik I, 2007 WL 1141597 at *7
(quoting Tinker, 393 U.S. at 506). Thus, the burden is on Wells
to provide a sufficient justification for preventing plaintiff
from replacing "Not Gay" with "Be Straight." Wells offers no
justification for interfering with plaintiff displaying this
message. There is no indication that such a message is
inconsistent with the school's educational mission as was the
"Not Gay" message. Nor is any other appropriate justification
suggested or indicated. To the contrary, at the time of the
incident, Wells himself suggested "Be Straight" as an alternative
that would be permissible under school rules while still
conveying, at least in part, Zamecnik's apparent message. Since,
on the previous day students were permitted to display messages
supporting being homosexual, the next day's suppression of a
message supporting being heterosexual should be understood as

---

[7] The example suggested in Brandt II is that wearing green
on St. Patrick's Day would be a form of protest speech if Irish
people were banned from wearing green on that day.

viewpoint discrimination under the facts assumed to be true for purposes of summary judgment. On Wells's motion for summary judgment, it must be held that Zamecnik's free speech rights were violated if in fact Wells interfered with changing Zamecnik's message to "Be Happy, Be Straight."

The next question is whether the right to display such a message was clearly established as of April 20, 2006. That a high school student retains free speech rights was well established before that date. See Tinker, 393 U.S. 503; Boucher v. School Board of School District of Greenfield, 134 F.3d 821, 825 (7th Cir. 1998). The right of high school students to not be subjected to speech restrictions based on viewpoint discrimination was well established as of 2006. See Lowry v. Watson Chapel School District, 508 F. Supp. 2d 713, 722-23 (E.D. Ark. 2007). Since no justification is offered for suppressing the speech at issue, it must be viewed simply as a restriction based on the viewpoint being expressed. Even without cases directly addressing the phrase "Be Happy, Be Straight," the law was clear that high school student speech could not be suppressed solely based on viewpoint. Wells is not entitled to qualified immunity regarding his part in interfering with plaintiff changing her message to "Be Happy, Be Straight" if such is shown to be the case.

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to amend complaint [47] is granted. Plaintiff's motion for preliminary injunction [43] is denied. Defendant Wells's motion for summary judgment [40] is granted in part and denied in part. The damages claim against defendant Wells based on preventing plaintiff Zamecnik from displaying "Be Happy, Not Gay" on her t-shirt on April 20, 2006 is dismissed. Within two weeks, defendants shall answer the remaining allegations of the verified amended complaint. A status hearing will be held on January 11, 2008 at 11:00 a.m.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 21, 2007