IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI ZAMECNIK and ALEXANDER )
NUXOLL, a minor, by and through )
his parents, MICHAEL and PENNY )
NUXOLL, )
                               )
            Plaintiffs, )
                               )
    v.                          )    No. 07 C 1586
                               )
INDIAN PRAIRIE SCHOOL DISTRICT )
#204 BOARD OF EDUCATION, )
HOWARD CROUSE, in his official )
capacity as Superintendent )
of Indian Prairie School )
District #204, MICHAEL POPP, )
in his official capacity as )
Principal of Neuqua Valley High )
School, and BRYAN WELLS, )
individually and in his official )
capacity as Dean of Students )
Neuqua Valley High School, )
                               )
            Defendants. )

## OPINION AND ORDER

      Alexander Nuxoll and Heidi Zamecnik[1] are, respectively, a current and former student at Neuqua Valley High School ("NVHS"),

---

[1]Since Alexander Nuxoll is a minor, the case is brought on his behalf by his parents. For simplicity in presentation, today's ruling will refer to Alexander Nuxoll as a plaintiff and, unless otherwise indicated, "Nuxoll" will be used to refer to Alexander Nuxoll. When this case began, Zamecnik was also a minor whose claim was brought by her parents. She has since reached the age of majority and has been substituted for her parents as a plaintiff.

which is part of Indian Prairie School District No. 204 ("IPSD"). The high school is located in Naperville, Illinois, one of Chicago's most populous suburbs, and has approximately 4200 students, including a variety of races, religions, ethnic backgrounds, and sexual orientations. Zamecnik graduated in June 2007 and Nuxoll is currently a junior. The IPSD Board of Education, IPSD's Superintendent, NVHS's Principal, and NVHS's Dean of Students are named as defendants. Following this court's recent ruling on defendants' motion to dismiss, see Zamecnik v. Indian Prairie Sch. Dist. No. 204 Bd. of Educ., 2009 WL 805654 (N.D. Ill. March 24, 2009), the remaining claims are relatively narrow. Zamecnik seeks nominal damages for an incident in April 2006 during which she was precluded from wearing a t-shirt that stated "Be Happy, Not Gay," or "Be Happy, Not Straight." The Dean of Students allegedly modified the shirt to simply read "Be Happy." Nuxoll may be seeking nominal damages for not being able to display the message "Be Happy, Not Gay" on a t-shirt or button in April 2007. Also, Nuxoll continues to seek injunctive relief precluding a prohibition from expressing the message "Be Happy, Not Gay" on a t-shirt, button, or other media while at school. Presently pending is plaintiffs' motion to compel.

Before turning to the particular discovery requests at issue, two general points will be made. The discovery requests must be considered in light of the narrow questions described above. Any discovery requested should be limited to materials relevant to expressing the view "Be Happy, Not Gay" while at school. Discovery related only to other forms of expression that may be referenced in the Second Amended Complaint is no longer relevant.

The other general point is that, in support of their motion, plaintiffs repeatedly object that defendants are not identifying all possible incidents and materials that may support defendants' justification for forbidding the pertinent expression. Even if there are other responsive incidents or materials, there is no harm to plaintiffs in not having them identified. To the extent that plaintiffs requested the materials or identification of the incidents, defendants' failure to provide them means that defendants are precluded from relying on those materials or incidents to justify their speech restrictions. In other words, in justifying their actions, defendants may only rely on evidence disclosed in response to discovery requests. The only exception would be if plaintiffs never made a discovery request for which particular material or a

particular incident would have been responsive. As has been stated at court hearings, no party will be allowed to "sandbag" the other side by seeking to use at trial materials that were not provided in response to an applicable discovery request. See, e.g., U.S. Gypsum Co. v. LaFarge N. Am., Inc., 508 F. Supp. 2d 601, 619-29 (N.D. Ill. 2007).

Identifying incidents at NVHS going back to August 2004 is an appropriate time and locale limitation for responding to Interrogatory No. 2. Defendants will not be compelled to respond regarding earlier incidents or other schools. If they have not already, defendants shall (a) identify who made disciplinary decisions as to each incident and (b) without disclosing the student's name, identify any multiple incidents involving the same student.

As to Interrogatory No. 3, defendants shall supplement their response by identifying by name those persons who had principal responsibility for drafting the proposed language that was provided to the District Office and/or Board.

Subject to the possible additions set forth above regarding Interrogatory No. 2, no further responses to Interrogatories No. 7, 8, and 9 will be required.

Interrogatory No. 12 requests that defendants "[i]dentify all studies, reports, or any document that Defendants claim justifies" policies at issue in this case. Defendants did not identify any items in response to this interrogatory. Defendants will not be compelled to respond further. However, unless identified in response to this interrogatory or in another manner making clear individual defendants' or other school personnel's reliance, defendants will not be permitted to rely on any study, report, or other document to justify the pertinent policies at issue in this case. If defendants desire to supplement this response, they must do so promptly.

Interrogatory No. 13 requests information about school personnel who wore items supporting the Day of Silence or otherwise supporting homosexual behavior or the tolerance of homosexual behavior. Defendants limited their response to August 2003 to the present and while at NVHS. That is an appropriate limitation. No further response will be required.

Defendants agreed to supplement their response to Interrogatory No. 14. As of the filing of plaintiffs' reply brief, the supplement had not yet been provided. Unless it has already been provided, defendants shall supplement this response within 20 days of the date of today's ruling.

Interrogatory No. 17 requests that defendants identify any past incidents or events that justify the suppression of a t-shirt with the phrase "Be Happy, Not Gay" while Interrogatory No. 18 requests the same regarding justifications for the various policies. Interrogatory No. 20 requests the identification of incidents that show speech critical or derogatory of homosexuality causes disruption to the educational process.[2] Defendants responded to all three interrogatories by referencing information contained in six paragraphs of an affidavit submitted in opposition to plaintiffs' initial preliminary injunction motion. Those paragraphs do not identify any specific incident. Unless any particular incidents are identified with sufficient specificity, defendants will not be permitted to rely on them as part of any justification for their policies or actions. Defendants will not be required to further respond to these interrogatories, but may voluntarily choose to promptly

---

[2] A ruling on the motion to compel does not necessitate resolving whether, as plaintiffs argue, disruption to the educational process is essential to justifying suppression of the speech at issue. If defendants want to rely on such a justification, they must sufficiently respond to discovery requests related to such a justification. If defendants did not actually rely on such a justification and will not rely on such a justification at trial, they need not provide discovery responses supporting such a justification. By failing to provide such responses, defendants preclude later deciding to rely on the justification.

supplement them. Any supplements need not identify any student by name, but should identify which incidents involve the same student or students. (No opinion is expressed as to whether failure to identify an incident in response to these specific interrogatories precludes use of evidence of that incident if the specific incident is otherwise adequately identified, for example, in response to Interrogatory No. 2.)

Interrogatory No. 19 requests information regarding how NVHS assesses student test scores and truancy for the ten years preceding and following enactment of the policies at issue. Defendants did not respond to this interrogatory on the ground that the information is irrelevant in that they do not justify any of the policies based on effects on test scores or truancy. Again, defendants will not be required to further respond to this interrogatory, but will be precluded from raising this possible justification at trial.

Production Request No. 5 seeks: "Any documents related to any investigation or the facts of this case not prepared by counsel for defendants." That request is too broad and vague. A response to this request will not be compelled.

Production Request No. 7 seeks "documents pertaining to the promulgation or enforcement" of the policies at issue.

Defendants responded by providing copies of the policies themselves. In response to the pending motion, defendants also point out that, in response to other document requests, they have provided copies of related incident reports. Within 20 days, defendants shall provide copies of Board minutes regarding the passage or amendment of the policies; any reports, recommendations, or similar documents submitted to the Board at the time the policies or amendments were considered; and drafts, working papers, and/or minutes of any committee or group that prepared the policy proposals for the Board. Any such document for which a privilege is claimed must be properly listed and identified in a privilege log.

Production Request No. 8 seeks "documents reflecting or relating to policies and/or guidelines for determining what speech activities are allowed within IPSD or NVHS." Defendants responded by citing to the policies themselves. To the extent any formal or informal written guidelines exist, defendants shall, within 20 days, provide such documents. Defendants need only provide documents pertaining to speech activities at NVHS. If no additional documents exist, defendants shall so state in writing within 20 days.

Production Requests Nos. 9, 10, 11, 13, 14, and 15 seek documents relating to the responses to Interrogatories Nos. 7, 8, 9, 12, 18, and 19. Today's ruling does not require further responses to those interrogatories. However, to the extent defendants supplement any of the answers to those interrogatories, they must also provide copies of the related documents.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel [125] is granted in part and denied in part. Within 20 days, defendants shall provide the additional responses required by today's ruling. Each party shall bear its own costs related to this motion to compel.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 3, 2009